# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:15-cv-63 |
| v. | * | |
| WARDEN F.S.L. JESUP, GA, | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Petitioner Franklin Williams' ("Williams") Rule 60(b)(2) Motion. Dkt. No. 21. For the reasons which follow, the Court **DENIES** Williams' Motion.

This Court dismissed Williams' 28 U.S.C. § 2241 Petition on June 17, 2016. Dkt. No. 12. Since that time, Williams has filed an appeal with the Eleventh Circuit Court of Appeals. Dkt. No. 13. This Court and the Eleventh Circuit have denied Williams' Motions to Proceed *in Forma Pauperis* on Appeal. Dkt. Nos. 18, 19. Williams, who is nothing if not stubbornly persistent, has filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b)(2).

According to Williams, the attorney who represented him during the criminal proceedings in this Court and in his state habeas proceedings was his retained counsel to whom Williams paid $27,000.00 for representation. Dkt. No. 21, pp. 2-3. Williams asserts he tried to contact his attorney regarding the direct appeal for his criminal proceedings in order to obtain a copy of the Eleventh Circuit's decision. Id. at p. 4. Williams contends, when he finally received a copy of the appellate decision, he discovered the Eleventh Circuit "did not rule on the whole appeal." Id. at p. 5. Williams also contends his appellate attorney would not provide copies of his case file so that Williams could pursue other avenues of relief.

Williams attached to his Motion a copy of this docket sheet and an excerpt from the Eleventh Circuit's determination on his direct appeal. He maintains he discovered on September 16, 2016, that his retained counsel had submitted a voucher for payment through the Criminal Justice Act ("CJA") in 2007, even though he did not request an appointed attorney. Id. at p. 7. According to Plaintiff, the discovery of this information clearly indicates he is entitled to relief due to the fraud his attorney committed.[1] Id.

---

[1] Plaintiff has moved the Court pursuant to Rule 60(b)(2), on which the Court bases its determination. However, in the body of his Motion, he indicates his attorney committed fraud and misconduct. Dkt. No. 21, pp. 1, 7-9. Such allegations would ordinarily fall under Rule 60(b)(3) (relieving a party from a final judgment or order for

2

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for relief under Rule 59(b). Fed. R. Civ. P. 60(b)(2). This newly discovered evidence "must be sufficiently material so as to alter the previous judgment." Whitmire v. Georgia, No. 2:09-CV-0218, 2010 WL 1489975, at *1 (N.D. Ga. Apr. 13, 2010) (citing Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1358 (11th Cir. 2008)). A Rule 60(b)(2) motion is an extraordinary motion, and "the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Williams v. Darden, No. CV 411-213, 2016 WL

---

"fraud . . ., misrepresentation, or misconduct by an opposing party"). By its very terms, Rule 60(b)(3) does not apply, as Williams does not allege the Government engaged in fraud, misrepresentation, or misconduct. Williams is advised that this is not an invitation to once again file a wholly frivolous motion in this closed case or to assert such claims via an original petition.

6139926, at *1 n.2 (S.D. Ga. Oct. 21, 2016) (internal citations omitted).

Williams has not met any of the requirements showing he is entitled to relief pursuant to Rule 60(b)(2). First and foremost, Williams' assertion that he did not learn of his attorney's alleged fraud until September 16, 2016, is completely lacking in credibility. Williams has used excerpts from the Eleventh Circuit's opinion in his direct appeal as attachments to his voluminous filings with this Court well before September 2016. See, e.g., Pet., Williams v. Bechtold, 5:14-cv-7 (S.D. Ga. Jan. 13, 2014), ECF No. 1, p. 8. Additionally, even if this Court were to consider this "evidence" to be newly-discovered, Plaintiff would not have shown due diligence in discovering this evidence. Williams' own filings reveal that this Court issued a CJA appointment to appellate counsel on April 26, 2007, dkt. no. 21-5, p. 1, and that the Eleventh Circuit issued Williams' attorney a CJA appointment of counsel letter on June 29, 2007, dkt. no. 21-6, p. 3. This information has been readily accessible through this Court's and the Eleventh Circuit's records since those times. Accepting Williams' assertion as true that he learned of this information in September 2016, Williams has failed to provide any explanation as to how he could not have discovered this information in the more than nine years' time which elapsed from the time the CJA letters were

4

issued and his discovery of this information. Further, this "evidence" is cumulative of assertions Williams has made repeatedly regarding his appellate counsel's assistance. Finally, not only is this "evidence" not material, it certainly is not "sufficiently material so as to alter" the Court's judgment in this case or in Williams' criminal case, Case Number 5:06-cr-14.

For all of these reasons, the Court **DENIES** Williams' Motion.

**SO ORDERED**, this 30 day of June, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)